**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4160**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OYEKANMI OWORU, a/k/a Junior,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:20-cr-00205-CCB-2)

Submitted:  October 13, 2022                                     Decided:  October 18, 2022

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Stuart A. Berman, LERCH, EARLY & BREWER, CHTD., Bethesda, Maryland, for Appellant.  Mary Waugaman Setzer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oyekanmi Oworu pled guilty, pursuant to a plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(5). The district court sentenced Oworu to an aggregate term of 36 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asking us to review the substantive reasonableness of Oworu's sentence and incorporating by reference the allegations of ineffective assistance of counsel raised in Oworu's pro se notice of appeal. Although advised of his right to file a pro se supplemental brief, Oworu has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Oworu's plea agreement. We dismiss in part and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id*. To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). As a general rule, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id*. (internal quotation marks omitted).

2

Our review of the record confirms that Oworu knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions that are not applicable here.  We therefore conclude that the waiver is valid and enforceable.  Although the ineffective assistance claims fall outside the scope of the waiver, we "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up).  Because the record does not conclusively show that counsel rendered ineffective assistance, we decline to consider these contentions on appeal.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Oworu's valid appellate waiver.  We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waiver.  We otherwise affirm the criminal judgment.  This court requires that counsel inform Oworu, in writing, of the right to petition the Supreme Court of the United States for further review.  If Oworu requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Oworu.

---

[*] These claims should be raised, if at all, in a 28 U.S.C. § 2255 motion.  *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4